### BANK OF IPSWICH v. AYERS et al.

A right to recover on an express written promise by defendant to pay a note executed by a third person according to its terms is not

established, where the alleged guaranty, consisting of letters passing between the holder of the note and defendant, did not mention the note or indicate that it was intended to be guaranteed by defendant.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Edmunds County. Hon. LYMAN T. BOUCHER, Judge.

Action by the Bank of Ipswich against John T. Ayers and another, partners under the firm name of Ayers & Elwood. From a judgment for plaintiff, defendants appeal. Reversed.

*Taubman, Williamson & Herreid,* for appellants.

HANEY, J. It is alleged in the complaint, in substance, that the plaintiff is a domestic corporation; that the defendants are partners; that on May 1, 1900, for value received, Edward D. Kelty executed and delivered to the plaintiff his promissory note for $200,, payable May 1, 1901, with interest from date until paid at the rate of 7 per cent per annum; that no part of such note has been paid; that on October 5, 1900, defendants, by an instrument in writing signed in their firm name, promised to pay such note; and that defendants have failed so to do. All the allegations of the complaint are denied by the answer, and it is alleged therein that the Kelty note, if ever executed, was fraudulently procured, without consideration, and that no consideration ever existed for any promise by the defendants to pay the same. On the trial plaintiff produced the Kelty note, proved its execution, and introduced it in evidence. M. P. Beebe, president of the plaintiff bank, testified the note had not been paid and that it was still owned by the plaintiff. He produced a copy of a letter written to the defendants September 20, 1900, and their reply thereto, upon which is based the alleged promise of the defendants to pay the Kelty note. So far as material on this appeal, these letters are as follows: "Relative to the S. E. ¼, 33—123—68, I inclose herein note of $200, with interest at 7%, due January 1, 1901. As I remember, you did not say when you wished the note due." "Your letter of September 20th at hand some time ago, but I had to go away from home before I got it answered, and just returned. As to the $200 note, Mr. Elwood or I will be out soon and will fix it up

or pay the money." The reply was signed "Ayers & Elwood." Beebe admitted on cross-examination that the $200 note mentioned in his letter was one for that amount to be signed by the defendants. He also admitted that in October, 1900, he received a mortgage to secure the Kelty note, executed by its maker, which he recorded in December, 1900. No evidence was offered by the defendants. At the close of all the evidence, each side moved for a directed verdict, plaintiff's motion was sustained, judgment was entered in favor of the plaintiff for the amount of the Kelty note with interest, and the defendants appealed.

Though the evidence is not as explicit as it might be, we understand that Beebe, the defendants, and Kelty had been connected with a transaction whereby Kelty was to receive a deed to the land mentioned in the correspondence between the parties to this action, Kelty being required to pay $200 to the bank, and that Beebe desired defendants to secure this indebtedness by the execution of the note sent them in the letter above mentioned. It might be that the defendants' reply, taken in connection with all the circumstances attending the transfer of this land to Kelty, would be sufficient to render them liable to "pay the money," whatever amount it may have been, referred to therein, in an action where all the material facts of the transaction were properly pleaded; but no such cause of action was alleged in the case at bar. Here the plaintiff is seeking to recover upon an express written promise to pay the Kelty note according to its terms. Clearly the evidence was insufficient to establish such a promise. Neither in Beebe's letter to the defendants nor in their reply was the Kelty note mentioned, alluded to, or intended to be guaranteed by the defendants.

The judgment appealed from is reversed.